UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO: 8:05-cr-247-T-23MAP

SCOTT SCHWEIKERT,

    Defendant.
_____/

## **ORDER**

Media General Operations, Inc. ("Media General") moves to intervene (which motion is **GRANTED**) to seek the release of certain documents, transcripts, and audio recordings utilized at a January 4, 2006, suppression hearing. Specifically, Media General requests the release of (1) the entire transcript of the defendant's May 10, 2005, grand jury testimony (Exhibit 327), (2) audio recordings and transcripts of two separate May 10, 2005 police interviews of the defendant (Exhibits 328A & 328B), (3) the audio recording and transcript of a May 19, 2005, police interview of the defendant (Exhibits 329A & 329B), (4) the subpoena package and advisement of rights form served on the defendant on May 3, 2005, (Exhibit 332), and (5) Tampa Bay Police Department's May 10, 2005, Consent and Release (Exhibit 291). Citing fair trial concerns under the Sixth Amendment, the defendant urges denial of Media General's motion and objects to any release of the requested materials until the completion of trial.

Also citing Sixth Amendment concerns, the United States urges "at a minimum, to limit access until after a jury is selected."

"Publicity concerning pretrial suppression hearings such as the one involved in the present case poses special risks of unfairness. The whole purpose of such hearings is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury. Publicity concerning the proceedings at a pretrial hearing, however, could influence public opinion against a defendant and inform potential jurors of inculpatory information wholly inadmissible at the actual trial." Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 378-79 (1979). "The danger of publicity concerning pretrial suppression hearings is particularly acute, because it may be difficult to measure with any degree of certainty the effects of such publicity on the fairness of the trial. After the commencement of the trial itself, inadmissible prejudicial information about a defendant can be kept from a jury by a variety of means. But when such information is publicized during a pretrial proceeding, it may never be altogether kept from potential jurors. Closure [or screening] of pretrial proceedings is often one of the most effective methods that a trial judge can employ to attempt to insure that the fairness of a trial will not be jeopardized by the dissemination of such information throughout the community before the trial itself has even begun." Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 378-79 (1979).

Concomitantly, the free press in a democratic society historically enjoys both a First Amendment and common-law right of access to court documents. Nixon v.

Warner Comm., 435 U.S. 589, 599 (1978).  Open judicial proceedings are "rooted in the 'principle that justice cannot survive behind the walls of silence,' and in the 'traditional Anglo-American distrust for secret trials.' "  Sheppard v. Maxwell, 384 U.S. 333, 349 (1966).  Under this precedent, judicial documents are presumptively available to the public but may be sealed if the right to access is outweighed by other higher interests favoring non-disclosure.  Nixon, 435 U.S. at 602.

Jury selection in this case is scheduled for 1:30 p.m. on Monday, January 8, 2007.  Today (Friday, January 5, 2007), WFLA-TV News Channel 8, The Tampa Tribune, and The Tampa Times seek the immediate release (presumably, for mass publication and dissemination on the eve of jury selection) of all materials utilized at yesterday's January 4, 2007 suppression hearing.  Following a full hearing, and upon a thorough review of the record evidence and the specific materials requested by Media General, I find that a substantial probability exists that the defendant's right to a fair trial (especially the selection of an impartial jury) will be materially prejudiced by the immediate publication and dissemination of (1) the entire transcript of the defendant's May 10, 2005, grand jury testimony, (2) the audio recordings and transcripts of two separate May 10, 2005, police interviews of the defendant, and (3) the audio recording and transcript of a May 19, 2005, police interview of the defendant.  A brief and immaterial postponement of the release of these materials to Media General until after the impanelment of the jury is narrowly tailored to prevent this prejudice to the defendant.   Whereas a postponement of one business day of the release (on Monday,

January 8, 2007) of the requested materials imposes only a de minimus, incidental, and ephemeral burden on the media's right of access, the immediate release of the requested materials threatens a substantial probability of actual and enduring prejudice to the defendant's right to an impartial jury and a fair trial. At this late date (on the eve of jury selection), reasonable alternatives such as redacting the requested materials are either impractical or cannot adequately protect the defendant's fair trial rights. See Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1 (1986).

Accordingly, Media General's motion (Doc. 66) is **GRANTED IN PART AND DENIED IN PART** consistent with this order. The subpoena package and advisement of rights form (Exhibit 332) served on the defendant on May 3, 2005, and Tampa Bay Police Department's May 10, 2005, Consent and Release (Exhibit 291) are without any prejudice to the defendant's right to a fair trial and are immediately available for release to the public. As well, pages one through five and page thirty-one of the defendant's grand jury testimony (Exhibit 327), pages one through three of the transcript of the May 19, 2005, police interview of the defendant (Exhibit 329B), and page one of the transcript of the May 10, 2005, police interview of the defendant (Exhibit 328B) are available for release.

As of this moment, the court has not (owing to the brief time available) completed reading Exhibits 328B and 329B, but the portions released in these several exhibits include all matters pertinent to the voluntariness of the defendant's participation without counsel, which voluntariness is the issue to which Media General's motion and the

suppression hearing pertain.  Finally, none of the exhibits is yet determined admissible but only not subject to suppression; the question of admissibility remains for trial.  <u>See United States v. McVeigh</u>, 119 F.3d 806, 813-14 (10th Cir. 1997).  This order incorporates by reference my comments made earlier today at the hearing on Media General's motion.

ORDERED in Tampa, Florida, on January 5, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE